**MEMBERS OF THE AOELUA FAMILY, Plaintiffs**

**v.**

**AOELUA SAOFETALAI, Defendant**

High Court of American Samoa
Land and Titles Division

MT No. 01-90

November 15, 1990

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, LOGOAI, Associate Judge, and MAILO, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala'ilima
For Defendants, Togiola T.A. Tulafono

Samuelu Aoelua, a member of the Aoelua family of Afono village, filed a petition to remove the defendant, Aoelua Saofetalai, from the matai title "Aoelua." A number of people, both on-island and off-island, claiming to be members of the Aoelua family are also signatories to petition. The main ground asserted for relief is that the defendant lives outside the territory and that he has been derelict of his duties as the matai.

*Facts*

In 1985 the land and titles division of the High Court awarded the title "Aoelua" to the defendant, then known as Pulouoleola S. Tagoa'i, in *Aoelua v. Tagoa'i*, MT No. 1-85 (1985), *aff'd Aoelua v. Tagoa'i*, AP No. 20-85 (1986). However, after prevailing in court, the defendant then went through a title investiture ceremony whereby he and another, Manu Lealai, were presented to the village council as joint title-holders; an action thoroughly bewildering, to say the least.[1] Some time in 1987, the defendant removed to the United States where he currently resides and works in Tacoma, Washington. The defendant testified that he had left the territory in pursuit of his wife's desires to further attend school and qualify as a registered nurse. Such a course of instruction, according to the defendant, would take between two and four years; however, the defendant also admitted that his wife's educational plans were still in abeyance until they had earned sufficient funds necessary for tuition.

*Discussion*

In matters of matai removal, we look to the provisions of A.S.C.A. §§ 1.0411-1.0412. While the former enactment provides a procedure of removal for cause, the latter deals with those situations of extended matai absence from the territory. A.S.C.A. §1.0412(a) provides as follows:

> Any matai absent from American Samoa for more than 1 year may be removed of his title upon petition filed in the High Court by any member of the family of the absent matai. Upon presentation of such petition and satisfactory proof of such absence, the court may, but need not, remove such title. The court in its discretion may consider the reasons for such absence and the wishes of the family actively serving the matai.

On the evidence presented, we are satisfied for purposes of A.S.C.A. §1.0412(a) that the petitioner herein, Samuelu Aoelua, is a member of the Aoelua family, and that the defendant matai, Aoelua

---

[1] Having been selected as the sole and legitimate title-holder, the defendant then publicly holds himself out as merely a co-holder of the title in a manner thoroughly repugnant to that very legal process which made him the matai. *See* A.S.C.A. § 1.0401.

Saofetalai, has been absent from the territory for more than one year.[2] On this evidence alone, the defendant may be removed from his title. *See* A.S.C.A. §1.0412(a).

The Court, however, may in its sound discretion reject the petition after considering the reasons for the defendant's absence, together with the wishes of the family actively serving the matai. *See* A.S.C.A. §1.0412(a). We thus look to the reasons for the defendant's absence from the territory --- his wife's further education. The immediate difficulty we have in this regard is that the defendant has now been absent from the territory, and hence from his aiga (extended family), for some three years and yet his wife has still to commence schooling. Additionally, it certainly appears from the testimony that defendant's plans call for a continuing and extended absence from the territory. Quite obviously, these reasons, even if factual, hardly impress when viewed against the defendant's responsibilities to the Aoelua family. The Fono's enactment of A.S.C.A. § 1.0412(a) merely highlights the self-evident truth that a matai's place is with his family and that the meaningful exercise of his duties demands his continuing presence in the territory. Here, the defendant matai's plans to be indefinitely absent from the territory simply cannot be reconciled with the very clear policy embodied in the enactment.

With regard to views of the family, we are also satisfied on the evidence that there is considerable family support in favor of the petition. We are further satisfied that the petitioner and a substantial number of on-island signatories to the petition are actively participating in family affairs, notwithstanding the absence of leadership from the matai.[3]

---

[2]    The defendant attempted to argue compliance with the statute by attempting to show that he was still a *bona fide* resident of the territory for voting purposes; he was apparently permitted to vote in the last election as an absentee voter. This argument, however, is without merit. *Absence* from the territory for more than one year for purposes of A.S.C.A. § 1.0412(a) is quite a different question than whether one is a *resident* of the territory for purposes of the voting statute.

[3]    The defendant testified that none of the petitioners were actively serving him and he thus attempted to build a case around the enactment's requirement that the Court take only into account the wishes of those family members "actively serving the matai." We find this argument to be spurious. A matai cannot realistically expect traditional service (tautua) while he is effectively residing outside the territory and thousands of miles from the village. (Counsel's suggestion of $20.00 bills in the mail is, at best, facetious.)

Finally, a very telling factor weighing against our exercising discretion in favor of the defendant is that his absence necessarily continues to encourage a pretender's unlawful usurpation of the Aoelua family's title, as well as its dignity.

The petition should be granted and the family should be allowed to select a new matai. The defendant Aoelua Saofetalai shall be removed from the title "Aoelua," pertaining to the village of Afono, and the Territorial Registrar is directed to amend the matai registry accordingly.

It is so Ordered.